UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MPT, Inc., | ) | CASE NO. 1:04 CV 2357 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Marathon Labels, Inc., et al., | ) | **Memorandum of Opinion & Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon the Motion and Memorandum of Defendants Marathon Labels and Polymeric Converting for Leave of Court to Amend their Answers (Doc. 50). The issue presently before the Court is whether defendants should be permitted to amend their Answers to assert additional defenses and counterclaims relating to a federal claim of unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), as well as state law claims for unfair competition and tortious interference with contract and business relations. For the following reasons, the Court grants defendants' Motion.

**Facts**

1

On November 29, 2004, plaintiff MPT, Inc. ("MPT") filed a complaint in this Court against defendant Marathon Labels, Inc., ("Marathon Labels") alleging infringement of its Patent No. 5,417,790 ("the '790 patent") and Patent No. RE 37, 164 E ("the '164 patent").[1] Defendant Marathon Labels filed its Answer on February 1, 2005, in which it asserted various affirmative defenses and alleged two counterclaims against plaintiff MPT. These counterclaims sought a declaratory judgment that (1) defendant Marathon Labels "has not infringed, and is not infringing, contributorily infringing, or inducing infringement of any claim of the '790 and '164 patents;" and (2) that the '790 and '164 patents are invalid and/or unenforceable under federal patent laws.

Thereafter, on April 8, 2005, plaintiff MPT filed its First Amended Complaint for Patent Infringement. This Amended Complaint also alleged infringement of the '790 and '164 patents, and added as defendants the following parties: Marathon Durable Labeling Systems LLC ("MDLS"), Polymeric Converting LLC ("Polymeric"), and Sunbelt Consulting Group, Inc. ("Sunbelt"). In addition, the First Amended Complaint alleged that Marathon Labels, MDLS, Polymeric and Sunbelt are jointly engaged in the manufacture and/or marketing of placards and labels for use in labeling reusable containers ("Reusable Labels"), and are "thereby jointly engaged in inducing purchasers of the Reusable Labels in wrongfully practicing the methods of the" '790 and '164 patents. (First Am. Complt. at ¶ 7).

Defendants Marathon Labels and Polymeric filed their Answers on April 18, 2005 and

---

[1]  The '790 and '164 patents relate to label systems for reusable containers. The patents were issued by the United States Patent and Trademark Office to Robert J. Petrou on May 23, 1995 and May 8, 2001, respectively. Plaintiff MPT is the assignee of all rights in both the '790 and '164 patents.

April 21, 2005, respectively.  As before, these Answers asserted various affirmative defenses and sought declaratory judgments of non-infringement and of the invalidity of the '790 and '164 patents.

Meanwhile, defendants claim that, by letter dated April 21, 2005, Seaway Bolt and Specials Corp. (a customer of defendant Marathon Labels) (hereinafter "Seaway") returned a purchase of labels, which had been supplied by defendant Polymeric.  The basis for returning the purchase was an April 11, 2005 letter from counsel for plaintiff MPT to Seaway.  This letter provides, in part, as follows:

> You should know that MPT, Inc., which licenses The Kennedy Group to make and sell placards for container re-labeling applications, is the owner of U.S. Patent 5,417,790 and U.S. Patent Re. 37, 164, and is currently suing Marathon Labels, Inc., for patent infringement based on Marathon Labels' sale of its Smart Surface Placards.
>
> If your company purchases placards from Marathon Labels and uses the placards in the way described in the patents, it may be infringing on the patented process.

See Exh. C to defendants' Motion to Amend Answers.

In response to this letter, defendants Marathon Labels and Polymeric filed the instant Motion for Leave of Court to Amend Their Answers.  As discussed below, in this Motion, these defendants seek leave to assert additional counterclaims for unfair competition under Section 43(a) of the Lanham Act, as well as state law claims for unfair competition and tortious interference with contract and business relations.  Plaintiff MPT filed a Brief in Opposition, and defendants have filed a Reply in Support.

**Standard of Review**

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely given "when justice so requires."  Fed. R. Civ. Pro. 15(a); *See also Wade v. Knoxville Utilities*

*Board*, 259 F.3d 452 (6th Cir. 2001). In determining whether to grant leave to amend, this Court must consider several factors. "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Id*. at 458. To deny a motion for leave to amend, a district court cannot base its decision on delay alone and, instead, must determine whether the amendment will cause significant prejudice to the nonmoving party. *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999). However, when an amendment is sought at a late stage in the litigation, there is an increased burden to show justification on the part of the party requesting the amendment. *Wade*, 259 F.3d at 459; *See also Duggins*, 195 F.3d at 834. Lastly, a motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986). *See also Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 767 (6th Cir. 2005).

**Discussion**

Defendants Marathon Labels and Polymeric argue that they should be granted leave to amend their Answers in response to plaintiff MPT's April 11, 2005 cease-and-desist letter for the following reasons. First, defendants argue that there has been no undue delay since their Motion to Amend was filed less than two months after the Court's April 8, 2005 Pleading Amendment date and the filing of plaintiff's Amended Complaint. Further, defendants maintain that plaintiff cannot claim prejudice since "this action is in its infancy." (Motion to Amend at 5).[2] In

---

[2] As of the date of the filing of defendants' Motion, the non-expert discovery and Markman brief deadline was September 1, 2005, and the expert discovery and dispositive motion deadline was January 15, 2006. On August 24, 2005, however,

addition, defendants note that their proposed amendment is motivated by plaintiff's conduct in sending its cease-and-desist letter, and not by any bad faith or delay on the part of defendants.

Lastly, defendants argue that the Federal Circuit has recognized the viability of the federal and state common law claims defendants now seek to assert and, thus, their proposed amendments are not futile. In support of this argument, defendants rely principally on *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999). In that case, plaintiffs Zenith Electronics ("Zenith") and Elo Touchsystems, Inc. ("Elo Touch") sued defendant Exzec, Inc. for patent infringement. Defendant Exzec then asserted counterclaims against plaintiffs for unfair competition under both § 43(a) of the Lanham Act and Illinois common law. The basis for Exzec's counterclaims was its allegation that Elo Touch had falsely stated to potential customers of Exzec that Exzec's product infringed plaintiffs' patents and that Exzec could not manufacture or sell a non-infringing product. Exzec further alleged that Elo Touch's "bad faith" conduct in so communicating with Exzec's potential customers was done willfully and with the intent to deceive. *Zenith*, 182 F.3d at 1343-1344.

Elo Touch moved to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). The district court denied Elo Touch's motion, finding that Exzec's pleading adequately alleged viable claims for unfair competition under both the Lanham Act and Illinois common law. Elo Touch moved to reconsider, arguing that Exzec's unfair competition claims were pre-empted by federal patent and/or antitrust law. The district court denied Elo Touch's motion for reconsideration, but granted its alternative motion to certify the court's order for immediate appeal pursuant to 28

---

this Court granted the parties' joint motion to extend the discovery deadlines by forty-five days. Thus, although the Court does not agree that "this action is in its infancy," the Court does agree that discovery has not yet been concluded.

U.S.C. § 1292(b).

On immediate appeal, the Federal Circuit held as follows. First, with regard to Exzec's Lanham Act unfair competition claim, the court found (after a detailed discussion and analysis of its prior precedent) that "before a patentee may be held liable under § 43(a) [of the Lanham Act] for marketplace activity in support of its patent, and thus be deprived of the right to make statements about potential infringement of its patent, the marketplace activity must have been undertaken in bad faith." *Id*. at 1353. This "bad faith" prerequisite, the court noted, is "a function of the interaction between the Lanham Act and patent law, and is in addition to the elements required by § 43(a) itself, as § 43 alone does not require bad faith." *Id*.

Applying this conclusion to the facts of the case before it, the court then found that both of the allegedly false statements at issue (i.e., that Exzec's product infringed plaintiffs' patents and that Exzec could not manufacture a non-infringing product) "if made in bad faith, can be reached by § 43(a) (assuming the elements of such a claim are otherwise made out) without conflicting with the patent or antitrust laws." *Id*. at 1354.

With regard to Exzec's state law claim, the court similarly found that a state unfair competition claim based on a patentholder's marketplace activity in support of a patent is not preempted by the patent laws if the claimant can allege and ultimately prove that the patentholder acted in bad faith. *Id*. at 1355. This conclusion was based in large part on the court's previous decisions in *Dow Chemical v. Exxon Corp.*, 139 F.3d 1470 (Fed. Cir. 1998) and *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998) *overruled on other grounds by Midwest Industries, Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999), in which the court held that state tortious interference with contractual relations claims were not preempted by

6

the patent laws where the claims involved allegations of bad faith marketplace conduct by the patentee. On this basis, the court found that both of the allegedly false statements at issue in the case before it, if made in bad faith, could state a claim for unfair competition under Illinois law.

Finally, the court noted that "what constitutes bad faith remains to be determined on a case by case basis." *Id*. at 1354. However, the court did note that, "[o]bviously, if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Id*.

Based on the above, the Federal Circuit affirmed the district court's order denying Elo Touch's Rule 12(b)(6) motion to dismiss Exzec's federal and state law unfair competition claims.[3]

Pursuant to *Zenith*, defendants Marathon Labels and Polymeric argue herein that their proposed amended counterclaims are not futile since they specifically allege that plaintiff MPT made false representations of patent infringement **in bad faith** when it sent its April 11, 2005 cease-and-desist letter to Seaway.[4] See Marathon Labels, Inc.'s Amended Answer to MPT's First Amended Complaint and Counterclaims at ¶¶ 37-39; Amended Answer, Affirmative

---

[3]  In so doing, the circuit court noted that the district court's determination that Exzec had adequately pled bad faith was not before it.

[4]  In their Motion, defendants assert that MPT's cease-and-desist letter was sent in bad faith because the accused products do not, in fact, infringe the '790 and '164 patents. Specifically, defendants claim that the patents at issue (1) are invalid over prior art not considered by the U.S. PTO and (2) only claim methods of using the products. (Motion at 3).

Defenses and Counterclaims of Defendant Polymeric Converting LLC at ¶¶ 35-38.[5] Thus, defendants claim that their proposed federal and state common law unfair competition claims are not preempted and are adequately pled as a matter of law.

In response, plaintiff MPT argues that defendants' Motion for Leave should be denied "because the causes of action sought to be added by them are, on their face, not properly assertable in this action and will only serve to add expense to the parties." (Brief in Opp. at 1). Specifically, MPT argues that the "bad faith" test set forth in *Zenith* is no longer the test for determining the viability of federal and state common law unfair competition counterclaims in the context of a patent infringement suit. Rather, MPT maintains that, in the recent case of *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367 (Fed. Cir. 2004), the Federal Circuit adopted an "objectively baseless" standard for such claims, which requires a showing that the patentee had no reasonable basis to believe that the accused product infringed the patents at issue. MPT then argues that defendants herein fail to plead that the cease-and-desist letter at issue was objectively baseless, and that no facts are pled which support such a claim. Moreover, even if the Court were to find that "bad faith" is the proper test, MPT maintains that defendants plead no facts which suggest in what way MPT's assertion of its claims to Seaway constitutes "bad faith." Thus, MPT argues that the Federal Circuit's decision in *Globetrotter* prohibits defendants' federal and state law unfair competition claims as a matter of

---

[5] Marathon Labels and Polymeric's proposed Amended Answers and Counterclaims are attached as Exhibits A and B to defendants' Motion for Leave to Amend.

law and, therefore, defendants' Motion for Leave should be denied.[6]

In *Globetrotter*, plaintiff Globetrotter sued Elan Computer Group ("Elan") and its CEO Ken Greer for patent infringement. Defendant Greer then asserted state law counterclaims for tortious interference and unfair competition based on the following circumstances. Greer claimed that Rainbow Technologies ("Rainbow") was negotiating to purchase all the outstanding shares of Elan for a price of $4,000,000. While these negotiations were pending, plaintiff Globetrotter sent two letters and an e-mail to Rainbow, alleging infringement of Globetrotter's patents by Elan. Defendant Greer alleged that Globetrotter in bad faith notified Rainbow of alleged patent infringement solely to cause Rainbow to abandon the planned purchase, which Rainbow did, with the result that Rainbow later acquired Elan for a much lower price. *Globetrotter*, 362 F.3d at 1370. The district court granted summary judgment in Globetrotter's favor with respect to defendant Greer's state law counterclaims, and Greer appealed.

The Federal Circuit began its analysis by reaffirming the "bad faith" standard announced in *Zenith*:

> We have held that federal patent law preempts state-law tort liability for a patent-holder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation. *See e.g. Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999). State-law claims such as Greer's can survive federal preemption only to the extent that such claims are based on a showing of 'bad faith' action in asserting infringement. *Id.* Accordingly, to avoid preemption, 'bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim.' *Id*.

*Globetrotter*, 362 F.3d at 1374. The court then noted that Greer endeavored to show bad faith

---

[6] Significantly, MPT does not argue that leave to amend should be denied on grounds of undue delay and/or prejudice. Further, MPT does not argue that defendants' proposed counterclaims fail to adequately allege the specific elements of an unfair competition claim under either § 43(a) of the Lanham Act or Ohio common law.

only through attempts to demonstrate **subjective** bad faith on Globetrotter's part. *Id*. at 1375. However, he had "made no effort to establish that the claims asserted by Globetrotter with respect to the [patents at issue] were objectively baseless, either because those patents were obviously invalid or plainly not infringed." *Id*.  Thus, the court framed the issue before it as "whether the bad faith standard of *Zenith* can be satisfied in the absence of a showing that the claims asserted were objectively baseless." *Id*.

After a detailed analysis, the court determined that *Zenith*'s bad faith standard required a showing of objective baselessness in the context of state law claims based on pre-litigation communications alleging patent infringement.  Specifically, the court found that, to show bad faith, a claimant must offer clear and convincing evidence that the patentee had no reasonable basis to believe that the accused infringing product infringed the patents at issue. *Id*. at 1377. *See also Golan v. Pingel Enter., Inc*., 310 F.3d 1360 (Fed. Cir. 2002).  Because defendant Greer had "not even attempted to make such a showing here," the court affirmed the district court's granting of summary judgment in Globetrotter's favor with respect to Greer's state law counterclaims. *Id*.

Based on the above, the Court rejects plaintiff MPT's argument that "bad faith is not really the test" in evaluating the viability of federal and state common law unfair competition claims based on pre-litigation communications alleging patent infringement.  As set forth above, *Globetrotter* expressly discusses and applies *Zenith*'s bad faith test.  Nowhere in *Globetrotter* does the Federal Circuit overrule, vacate, or even question that test.  Rather, *Globetrotter* elaborates on the showing necessary to satisfy *Zenith*'s bad faith test in the context of state common law claims based on pre-litigation communications alleging patent infringement.

10

Specifically, the *Globetrotter* court explains that, in this context, "bad faith" must be demonstrated by a showing of objective baselessness, i.e., clear and convincing evidence that the patentee had no reasonable basis to believe that the accused product infringed the patents at issue.

Notably, *Globetrotter* discusses and applies the "objectively baseless" requirement in the summary judgment context; i.e., the court determined that the defendant therein had failed to offer sufficient evidence of objective baselessness to survive summary judgment.  However, as defendants herein correctly note, *Globetrotter* did not involve (and does not address) the issue of the nature and quality of the allegations that must be pled with regard to this issue in order to survive a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6).  As this is essentially the issue before the Court herein,[7] the Court concludes that *Globetrotter* does not require a finding herein that defendants' proposed Amendments fail to state a claim as a matter of law.

To the contrary, the Court finds that defendants have adequately pled "bad faith" sufficient to survive a 12(b)(6) motion to dismiss and, thus, it would not be futile to allow defendants leave to amend their Answer to assert the federal and state counterclaims at issue herein.  Defendants' proposed Answers and Counterclaims specifically discuss the April 11, 2005 cease-and-desist letter sent by MPT to Seaway herein; allege that that letter makes false representations of patent infringement; and further allege that these representations were made in bad faith. See Marathon Labels, Inc.'s Amended Answer to MPT's First Amended Complaint

---

[7]  This is the case because MPT is essentially arguing that defendants' motion for leave should be denied on the grounds that defendants' proposed federal and state law unfair competition claims are not "properly assertable" as a matter of law and, thus, it would be futile to allow amendment.

11

and Counterclaims at ¶¶ 37-39; Amended Answer, Affirmative Defenses and Counterclaims of Defendant Polymeric Converting LLC at ¶¶ 35-38.  Moreover, defendants specifically assert counterclaims seeking a declaratory judgment that the patents at issue herein are invalid, void and/or unenforceable.  See Marathon Labels, Inc.'s Amended Answer to MPT's First Amended Complaint and Counterclaims at ¶ 35; Amended Answer, Affirmative Defenses and Counterclaims of Defendant Polymeric Converting LLC at ¶ 33.

While plaintiff MPT is correct that an eventual finding of invalidity or unenforceability may not in and of itself necessarily demonstrate objective baselessness, the Court finds that defendants' allegations, taken as a whole, are sufficient at this stage in the litigation to satisfy the "bad faith" requirement set forth in *Zenith*.  Whether defendants will ultimately be able to demonstrate by clear and convincing evidence that MPT's communication to Seaway was "objectively baseless" is another matter, one that is not before the Court today.   Accordingly, the Court rejects plaintiff MPT's argument on this issue.

Finally, MPT argues that defendants' Motion for Leave should be denied because there is no legal basis for the assertion of a federal unfair competition claim based on the allegedly fraudulent procurement of a patent where such a claim is premised solely on a patentee's conduct of sending a cease and desist letter to a customer of an alleged infringer.

The Court finds that this argument is without merit.  In *Zenith*, the Federal Circuit acknowledged prior precedent which explained that "there is no legal basis for a holding that inequitable conduct, or the assertion of a patent procured through inequitable conduct, constitutes unfair competition" under § 43(a) of the Lanham Act. *Zenith*, 182 F.3d at 1348 (discussing *Pro-Mold and Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568 (Fed. Cir. 1996)). However, the

court then noted that the federal unfair competition claim at issue in *Zenith* was not premised on the filing of a patent infringement suit based on alleged inequitable conduct but, instead, was "based on alleged marketplace statements, i.e., the alleged Elo Touch statements to potential Exzec customers that Exzec's product is infringing. . . " *Id.* at 1349.  This difference, the *Zenith* court held, was critical because "the initiation of an infringement suit is clearly not covered by the text of § 43(a), while a communication to the customers of the accused infringer, in certain circumstances, may be." *Id.*

In the instant case, defendants' proposed federal unfair competition counterclaim is not premised upon the filing of a patent infringement suit based on inequitable conduct.  Rather, as was the case in *Zenith*, the basis of defendants' proposed counterclaim is an allegedly bad faith marketplace statement, i.e., MPT's statement to Seaway (a customer of defendants) that defendants' product is infringing MPT"s patents.  Thus, the instant case falls squarely within the circumstances identified by *Zenith* which may support a claim under § 43(a).  Accordingly, the Court rejects plaintiff's argument on this issue.

Accordingly, for the reasons set forth above and in light of the fact that plaintiff MPT does not oppose defendants' arguments regarding the lack of undue delay and prejudice, the Court grants defendants Marathon Labels and Polymeric Converting's Motion for Leave of Court to Amend their Answers.

IT IS SO ORDERED.

                                       /s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Judge

Dated: 8/25/05