**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MPT, Inc.** ) | **CASE NO. 1:04-cv-2357** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Marathon Labels, Inc.,** ) | |
| **Marathon Durable Labeling** ) | **Memorandum of Opinion and Order** |
| **Systems LLC, and** ) | |
| **Polymeric Converting, LLC** ) | |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Reconsider (Doc. 122) the Court's claim construction Order (Doc. 118). Plaintiff MPT, Inc. ("MPT") alleges that Marathon Labels, Inc., Marathon Durable Labeling Systems, LLC, and Polymeric Converting LLC (collectively "Defendants") have infringed certain claims of U.S. Patent No. 5,417,790 (issued May 23, 1995) (the "'790 patent") and U.S. Patent No. RE 37,164 E (issued May 8, 2001) (the "'164 patent"). For the following reasons, Defendants' motion is DENIED.

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. "Instead, such motions, if served within ten days of entry of judgment, are considered motions to alter or amend judgments pursuant to . . . Rule 59(e)." *Stubblefield v. Skelton*, unreported, 117 F.3d 1421 (6th Cir. July 10, 1997), *citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). "Generally, there are three major situations which justify a court reconsidering one of its orders: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Hancor, Inc. v. Inter American Builders Agencies*, 1998 WL 239283 (N.D. Ohio March 19, 1998), *citing In re Continental Holdings, Inc.*, 170 B.R. 919, 939 (Bankr. N.D. Ohio 1994).

This lawsuit was filed on November 29, 2004. (Doc. 1). Since then, the parties have engaged in extensive discovery and were granted three extensions of discovery and other deadlines. (Doc. 45, 64, 79). Pursuant to the Court's latest extension, the parties filed lengthy Markman briefs and replies on December 2 and December 22, 2005. (Doc. 94, 95, 108, 109). The Court reviewed the parties' filings and issued a claim construction Opinion and Order on February 7, 2006. (Doc. 118). Defendants seek reconsideration of the Court's construction of "release layer," "release coating," "adhesive coating" and "placard."

The term "release layer" only appears in Claim 5 of the '790 patent and Claim 10 of the '164 patent. Plaintiff does not allege that Defendants infringe either of these claims. Thus, the Court did not construe release layer in its Opinion and Order. Without citing any authority, Defendants contend that their counterclaim for a declaratory judgment of invalidity puts these

claims at issue.

The Court cannot entertain a declaratory judgment action for invalidity unless there is an actual controversy between the parties. An actual controversy is demonstrated by the following:

> [T]here must be both (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken by the declaratory judgment plaintiff with the intent to conduct such activity.

*Teva Pharms. USA, Inc. v. Pfizer Inc.*, 395 F.3d 1324, 1330 (Fed. Cir. 2005), *cert. denied* 126 S. Ct. 473.

The existence of an actual controversy is decided on a claim by claim basis. 8-21 Chisum on Patents §21.02[1][b][iii][C]. "[T]he party seeking a declaratory judgment 'has the burden of establishing by a preponderance of the evidence . . . that it has a reasonable apprehension that it will be sued' on the nonasserted claims." *Biogen v. Amgen, Inc.*, 913 F. Supp. 35, 47 (D. Mass. 1996) (*quoting Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992)). It is undisputed that Plaintiff does not allege infringement of Claim 5 and Claim 10 in this lawsuit. Defendants submitted two briefs on the subject and the only evidence of an actual future controversy as to these claims is Plaintiff's interrogatory response that Defendants "may infringe other claims" of the patents-in-suit. Here, only 6 of the 18 claims in the two patents are asserted. Although this interrogatory response arguably constitutes a threat of infringement as to some nonasserted claims, Defendants cite no authority that a statement such as this is a sufficient threat as to a particular claim. In any event, Defendants have failed to provide any evidence that the second half of the Federal Circuit's two-part test is met. Defendants have not even explained which if any of their products might be thought to infringe these claims. The Court cannot

simply assume "present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken by the declaratory judgment plaintiff with the intent to conduct such activity[,]" particularly where subject matter jurisdiction is at issue.[1]  Lacking sufficient evidence or any authority, the Court concludes that it properly declined to define release layer, a claim term that is not at issue.[2]

Defendants next ask the Court to reconsider its construction of the term "release coating." The Court already addressed Defendants' arguments in detail at pages 10 through 26 of its claim construction Opinion and Order, and nothing presented here changes that analysis.  The claims, specification and prosecution history say nothing about the placard coating being applied in a liquid operation.  The hundreds of pages of technical reference materials submitted by Defendants merely demonstrate that a release coating *may* be applied in a liquid operation, not that it *must* be applied in a liquid coating operation.

Defendants argue that the special meaning they attribute to release coating is so well

---

[1] Defendants also suggest that Plaintiff should offer an express covenant not to sue or accept a judgment of non-infringement of the remaining claims.  Although some courts have considered such stipulations in declining to exercise jurisdiction, Defendants do not present any authority that these are required.  Indeed, Defendants are not without protection against future lawsuits based on these claims, since a judgment that adjudicates other claims may operate as collateral estoppel.  *See Jervis B. Webb Co. v. Southern Systems, Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984). This is particularly true here, since Claim 4 of the '790 patent is at issue and Claim 5 is dependent on Claim 4.  Finally, even if covenant not to sue is required, Defendants still have failed to provide any evidence that would meet part two of the test for jurisdiction over invalidity counterclaims.

[2] However, the Court will not dismiss Defendants' declaratory judgment action *sua sponte*.

known that a person of ordinary skill in the art would feel no need to include it in the claims, specification, prosecution history or technical references.  In the words of counsel, a release coating "is notoriously applied in a liquid operation" and "[i]n the labeling art, the only manufacturing process for applying a 'release coating' is by liquid application."  This term is at the center of this dispute and Defendants have had months to conduct discovery.  Yet, the only support for this "notorious" meaning in the art is these statements of counsel, which are not evidence.  Accordingly, the Court will not modify its construction of release coating.

Defendants also ask the Court to reconsider its construction of "adhesive coating" "for the same reasons cited above in support of the request for reconsideration of 'release coating'/'release coated' . . . ."  The Court declines to reconsider its construction of adhesive coating for the same reasons it declines to reconsider release coating.[3]

Defendants also ask the Court to reconsider its construction of "placard."  Defendants originally requested that the Court construe a placard as "a structure adapted for supporting a pressure sensitive adhesive backed label where the structure has two faces, a 'release coated' face and a face with an adhesive coating."  Because the faces of the structure are set out within each claim, the Court construed a placard as a "a structure adapted for supporting a pressure sensitive adhesive backed label."  Defendants argue that the Court's construction does not describe how the structure is adapted for supporting a pressure sensitive adhesive backed label.  However, the

---

[3] Defendants' attempt to relate a release coating to an adhesive coating actually demonstrates that a release coating does not have a unique or notorious meaning in the art, since a term with a special meaning would seem a poor candidate to provide a generic definition for other terms.  If Defendants are arguing that an adhesive coating has its own notorious meaning in the art, they have not provided any evidence of that meaning either.

Court's reasoning in its original claim construction Opinion and Order applies with equal force here.  The structure is adapted for supporting a pressure sensitive adhesive backed label as described in each claim.  No further description is needed.

Finally, the Court also denies Defendants' request to conduct a hearing "where expert witnesses could be examined by the parties and the Court."  The Court has already reached its conclusions based on evidence properly submitted with the *Markman* briefs.  Expert testimony is extrinsic evidence which is given relatively little weight.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005).  Based on the evidence and arguments properly presented and considered, expert testimony would not change the Court's conclusion and would only result in unnecessary delay.

**CONCLUSION**

For the foregoing reasons, Defendants' motion is DENIED.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/12/06