# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MPT, Inc.                              )        **CASE NO. 1:04-cv-2357**
                                    )
      Plaintiff,            )        **JUDGE PATRICIA A. GAUGHAN**
                                    )
    Vs.                     )
                                    )
Marathon Labels, Inc., and             )
Polymeric Converting, LLC              )        **Memorandum of Opinion and Order**
                                    )
     Defendants.          )

## INTRODUCTION

This matter is before the Court upon Defendant Polymeric Converting LLC's ("Polymeric") Motion to Strike New Information from MPT's Motion for Summary Judgment of Infringement and/or to Preclude MPT from Using that Information at Trial (Doc. 146). Polymeric seeks to exclude certain testimony of Dr. Joseph Prahl, an expert for Plaintiff MPT, Inc. ("MPT"). For the following reasons, Polymeric's motion is GRANTED.

## DISCUSSION

Currently pending before the Court are the parties' cross-motions for summary judgment. One matter at issue in those motions is whether certain products of defendants include the claim limitation of "substantially permanently attaching the placard to the object by adhering said placard to said container using said adhesive coated face. . . ."[1]  In support of their contention that the products do read upon that limitation, MPT may offer the following testimony of Dr. Joseph Prahl:

> But the key to me is the scaling.  Clearly if you want to remove a label and take it on and off, then you want the substance that you're removing it from to be adhering to its container with more–preferential force.  So it's really a relative thing.  The permanent one is the one that will remain attached when you take off the removable one.  And that means the adhesion between the removable one and the permanent one, and the permanent on to the container, that's really a relative scaling of what I mean by permanent.  Frankly you can always get the so-called permanent one off, but its not–I mean, if you go to some effort.  It's just a question of then in this case a permanent could be–it could be removed, but as long as the label comes on and off without ever damaging or lifting the permanent one, then you've met the criteria that's important to the application.

Polymeric's Motion to Strike opposes the introduction of this testimony in the Summary Judgment Motions or at trial.  Polymeric first argues that the testimony is beyond the scope of Dr. Prahl's expert report and therefore improper.  MPT contends that the disputed testimony is properly related to the following passage from Dr. Prahl's expert report which describes the claim limitation at issue:

> Marathon admits [in an interrogatory response] "one side of the SSP includes a coating of adhesive that would allow at least some end-users of the SSP to attach the placard to a container" . . . . [Sales literature] advertises that the SSP has "long

---

[1]      This language comes from claim 1 of U.S. Patent No. 5,417,790 (issued May 23, 1995) (the "'790 patent").  Similar language appears in the other claims at issue.

2

lasting durability" implying that the placard is expected to remain on the container through repeated relabelings without being removed or becoming detached. [Deposition testimony] admits the adhesion is "a permanent bond" . . . [and] that the adhesive that adheres the placard to the reusable container is "a permanent pressure-sensitive adhesive."

The Court agrees with MPT.  The testimony at issue is merely further explanation of the manner in which the "placard is expected to remain on the container through repeated relabelings without being removed or becoming detached."

As an alternative basis for striking the testimony, Polymeric argues that Dr. Prahl's conclusions improperly seek to contradict the Court's claim construction for the term "permanently."  The Court previously held that "'Permanently' means affixed to an 'object' or 'container' such that a placard permanently attached or affixed to the substrate cannot be removed without damaging the placard or the 'object' or 'container.'"

The Court agrees that Dr. Prahl's testimony contradicts the Court's construction for "permanently."  The Court defined "permanently" by reference to the strength of the bond between the placard and a container.  Dr. Prahl, on the other hand, seeks to tell the Court and jurors that the strength of the placard/container bond is irrelevant so long as it is proportionally greater than the label/placard bond.

MPT nonetheless argues that the testimony is consistent.  It first argues that "Dr. Prahl's opinion (as shown in Exhibit D to his report) is premised on the fact that the defendants use a 'permanent adhesive' to attach their placard."  However, the testimony at issue, and the portion of the expert report that supports that testimony, are not premised on the permanent adhesive used to attach the placard.

MPT also points to the fact that a reference it submitted during patent prosecution and

relied on by the Court in its claim construction order described "Permanent" as "[a]n adhesive *designed to stick* to a substrate without edge lifting that cannot be removed without damaging either the label or the substrate."  From this MPT concludes that the Court's definition does not require actual damage in all instances where the placard is removed but rather "the property that it would be difficult to remove without ripping."  Even if this is true, this distinction does not save Dr. Prahl's testimony.  The problem with the disputed testimony is that Dr. Prahl believes that "the property that it would be difficult to remove without ripping" is irrelevant so long as the placard stays attached when labels are removed.

MPT cites *Medrad, Inc. v. MRI Devices Corp.* for the proposition that the modifier "substantially" should be defined by reference to the function or purpose of "substantially permanently" attaching a placard to a container.  401 F.3d 1313 (Fed. Cir. 2005).  At issue in *Medrad* was the construction of the term "substantially uniform magnetic field."  *Id*. at 1318.  The term was defined in the district court as "substantially uniform to obtain useful MRI images."  *Id*.  The reason a magnetic field has to be substantially uniform in the imaging field is that large variations result in unclear images.  *Id*. at 1319.  The patentee in *Medrad* proposed a definition of a magnetic field "that has largely, but not wholly, the same form throughout."  *Id*. at 1318.  It argued that the definition adopted by the district court improperly looked to how the invention functioned.  *Id*. at 1319.

The Federal Circuit affirmed.  After rejecting the proposition that functional definitions are *per se* improper, it moved on to consider the specific claim language.  The claim language, specification and extrinsic evidence all supported the functional definition, and in fact were counter to *Medrad's* attempts to quantify a specific magnetic field.  *Id*. at 1320.

Thus *Medrad* merely stands for the proposition that functional definitions are appropriate

4

when supported by the patent, prosecution history and other relevant evidence.  As the Court described in its *Markman* ruling, in this case the prosecution history in particular demonstrates significant efforts to provide a quantitative definition of "permanent."  Dr. Prahl's testimony would contradict those efforts.

MPT is correct that substantially is a term of degree or magnitude.  However, substantially modifies permanently.  Because Dr. Prahl's testimony could be understood to wholly eliminate any degree of permanent attachment, the testimony quoted above is stricken.  Moreover, he will not be allowed to testify that "as long as the label comes on and off without ever damaging or lifting the permanent one, then you've met the criteria that's important to the application."

Finally, Polymeric has alternatively requested further discovery to rebut Dr. Prahl's testimony.  Because the testimony has been stricken, further discovery is unnecessary.

**<u>CONCLUSION</u>**

For the foregoing reasons, Polymeric's motion is GRANTED.


IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  6/13/06

5